**639. INJUNCTION—Order granting or refusing preliminary injunction stands unless discretion is abused.**

PER CURIAM.                 Epitomized Opinion

This is an appeal from a decree of the District Court at Cleveland granting a preliminary injunction in a suit by Van Toy Co. to enjoin Meade et al from infringing its trademark "Vantoy." In granting the temporary injunction the trial court required a bond of $10,000. In affirming the judgment the Circuit Court of Appeals held:

1. "As a general rule, an order granting or refusing a preliminay injunction will not be disturbed unless it clearly appears that the District Court has exercised the discretion vested in it upon wholly wrong comprehension of the facts or law of the case, 287 Fed. 273. The record does not disclose that the District Court abused its discretion, or that its action was predicated on a wrong comprehension of the facts or law of this case. The bond is sufficient to indemnify against damages if it is later determined that the temporary restraining order was wrongfully adjudged."

Attorneys—Schaefer & Lawrence and Bates & Macklin, Cleveland, O., for Meade et al; Fay, Oberlin & Fay, Cleveland (Bulkley, Hawxhurst, Jamison & Sharp, R. H. Jamison and J. F. Oberlin, on brief), for Van Toy Co.

---

# U. S. DISTRICT COURT
## No. 373

### LAUNDRY MACH. CO. v. DEAN, Collector
### PROCTOR & GAMBLE CO. v. Same

U. S. District Court, S. D. Ohio, W. D.
Nos. 3244, 3259. Decided July 24, 1923

**653. INTERNAL REVENUE—No "original issue" of stock by an existing corporation subject to stamp tax without change in the stock—The basis of stamp tax on corporation stock is par value of the stock and not on number of certificates—Exchange issue of stock merely reducing par value of shares, held not an "original issue" subject to stamp tax._____**

HICKENLOOPER, D. J.

Epitomized Opinion

Actions were brought by the American Laundry Machinery Co. and by Proctor & Gamble Co. against one Dean, Collector of Internal Revenue. The petitions were to recover taxes paid under Sect. 1100, Schedule A, paragraph 2 of the Revenue Act of 1921 and Sect. 1100, Schedule A, paragraph 3 of the Revenue Act of 1918. The language of both sections is identical, and by both it is provided that there shall be "levied, collected and paid, for and in respect of . . . certificates of stock . . . or for or in respect of the vellum, parchment or paper upon which such instruments . . . are written or printed . . . the several tares specified in such schedule." Schedule A, paragraph 2, provides for the above mentioned stamp tax "on each original issue whether on organization or re-organization of certificates of stock . . . by any corporation, on each $100 of face value or fraction thereof, 5 cents."

In order to facilitate dealing in stock of the plaintiff corporations, and the wider distribution of the same among their employes and the public, amendments to the articles of incorporation were secured whereby the par value of the outstanding and issued shares of stock was reduced in amount and the holders of stock of the original $100 par value were given the right to transfer or convert the same into shares of a lesser par value. Neither the aggregate par value of any holder nor of all the stockholders was increased, nor was the type of stock changed. The collector imposed the above tax on this stock. The plaintiffs claimed that the shares were not taxable. Demurrers were filed to the petitions. In overruling the demurrers, the District Court held:

1. Under Revenue Act 1918, 1100, 1107 (2), being Comp. St. Ann. Supp. 1919, 6318i, 6318p(2), imposing a stamp stock on each original issue, whether on organization or re-organization, of certificates of stock of a corporation, there can be no "original issue" of stock by an existing corporation, without an actual change in the amount of such stock outstanding or in the kind or character of such stock.

2. Such statute makes the par value of the stock, and not the number of certificates, the basis of the tax.

3. Where corporations to facilitate acquisition of their stock by employes and others, reduced the par value of their shares from $100 to $20, issuing to each stockholder five shares in exchange for each share held by him but without changing the aggregate par value of his stock or the aggregate par value of all outstanding stock, or the character of the stock, the new stock held not an "original issue," subject to stamp tax.

Attorneys—Dinsmore, Shohl & Sawyer, Cincinnati, for Machinery Co. and Proctor & Gamble Co.; Benson W. Hough, U. S. Atty., Columbus, and Haveth E. Mau, Cincinnati, for U. S.